**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

```
                                        :
IN RE:                                  :     CHAPTER 7
                                        :
Apollo Health Street, Inc.,             :
                                        :     CASE NO.: 11-22970  (NLW)
                        Debtor.         :
                                        :     OPINION
```

FILED
JAMES J. WALDRON, CLERK

May 23, 2011

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: /s/Diana Reaves, Deputy

**Before:**     **HON. NOVALYN L. WINFIELD**

**A P P E A R A N C E S :**

Warren J. Martin, Jr., Esq.
Robert M. Schechter, Esq.
Porzio, Bromberg & Newman, PC
100 Southgate Parkway
Morristown, NJ 07960
Attorneys for Petitioning Creditors

Dennis O'Grady, Esq.
Mark E. Hall, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
Co-Counsel for Alleged Debtor

Deryck A. Palmer, Esq.
Andrew M. Troop, Esq.
Israel Dahan, Esq.
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY 10281
Co-Counsel for Alleged Debtor

**Procedural History**

This matter was brought before the court by Apollo Health Street, Inc. ("Apollo, Inc.") on a motion to direct the Petitioning Creditors to post a bond pursuant to 11 U.S.C. § 303(e) to secure a possible recovery of fees, costs, and other damages under 11 U.S.C. § 303(i). The Petitioning Creditors opposed Apollo, Inc.'s motion, arguing that the court's dismissal of the involuntary petition obviates the need, purpose and statutory authority to require them to post a bond. As set forth below, the court determines that Apollo, Inc.'s request for a bond is appropriately made, notwithstanding dismissal of the involuntary petition, and that a hearing is required to set the amount of the bond, if sufficient cause for a bond is shown.

The court has jurisdiction to consider the matter before it pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984. The matter is a core proceeding under to 28 U.S.C. § 157(b)(2)(A).

**Statement of Facts**

The involuntary Chapter 7 petition was filed against Apollo, Inc. on April 26, 2011 by Bloomfield Center Alliance, Inc., Michael C. Nudo, Ariel J. Morales, William J. Colgan, Med-Link Computer Science, LLC, 2 Broad Street Assocs., 71 Washington Street Assoc., LLC, Senorita's Mexican Restaurant, LLC, Merrel Mount, Prominent Ticket Service and Goldkhin Wholesale Enterprises, Inc. ("Petitioning Creditors"). One week later, on May 2, 2011 Apollo, Inc. filed its motion to (i) dismiss the petition, (ii) impose sanctions and (iii) direct petitioning creditors to post a bond. The motion to dismiss was accompanied by an application to shorten

time for hearing, and on May 2, 2011 the court entered an order which shortened the hearing date to May 10, 2011.

Counsel for Apollo, Inc. and the Petitioning Creditors agreed to proceed first with the testimony and documentary evidence on the issue of whether Apollo, Inc. was generally paying its debts as they came due. At the conclusion of testimony, counsel for Apollo, Inc. moved pursuant to Fed. R. Civ. P. 52(c) for judgment. On May 16, 2011, the Court delivered its oral opinion dismissing the involuntary petition and concluding that Apollo, Inc. was generally paying its obligations as they came due.[1] On the same date, the court heard argument on whether to direct the Petitioning Creditors to post a bond pursuant to § 303(e) to secure a possible recovery of fees, costs, and other damages from the Petitioning Creditors under § 303(i). An hour and a half before the hearing, the Petitioning Creditors filed a brief and then argued in court that Apollo, Inc.'s request to post a bond should be denied as a matter of law because, according to the Petitioning Creditors, no reported cases that in any way mention or address § 303(e) hold that a bond should be posted in a dismissed case. The court reserved ruling on the Petitioning Creditors' oral motion to allow the parties an opportunity to file supplemental briefs on whether a request for bond should be denied as a matter of law under § 303(e) once an involuntary petition has been dismissed.

---

[1] Following its oral opinion, this court issued a written opinion on May 18, 2011.

## Discussion

"Section 303(e) permits the court in its discretion, after notice and a hearing, to order the posting of a bond where cause has been shown." *In re Contemporary Mission, Inc.,* 1983 Bankr. LEXIS 6916, at *6 (Bankr. D. Conn. Jan. 31, 1983). Specifically, the relevant subsections in § 303 provide:

> (e) After notice and a hearing, and for cause, the court may require the petitioners under this section to file a bond to indemnify the debtor for such amounts as the court may later allow under subsection (i) of this section.
>
> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
>
> (1) against the petitioners and in favor of the debtor for--
>
>   (A) costs; or
>
>   (B) a reasonable attorney's fee; or
>
> (2) against any petitioner that filed the petition in bad faith, for--
>
>   (A) any damages proximately caused by such filing; or
>
>   (B) punitive damages.

Section 303(e) was enacted to:

> … discourage frivolous petitions as well as the more dangerous spiteful petitions, based on a desire to embarrass the debtor (who may be a competitor of a petitioning creditor) or to put the debtor out of business without good cause (an involuntary petition may put a debtor out of business even if it is without foundation and is later dismissed).

H.Rep. No. 95-595, 95th Cong., 1st Sess. at 323 (1977); *see* U.S. Code Cong. & Admin.News 1978, p. 6279; *see also In re Ransome Grp. Investors I., LP,* 423 B.R. 556, 558 (Bankr. M.D. Fla. 2009). "A bond can have a sobering effect in a case that is off to a shaky start and that is fraught with controversy about the bona fides of the petitioners." *In re Kidwell*, 158 B.R. 203, 218 (Bankr. E.D. Cal. 1993).

However, the courts have recognized that "[p]etitioning creditors in involuntary cases should not be routinely required to post a bond upon the alleged debtor's request… because the Bankruptcy Code does not impose a mandatory bond requirement." *In re Ransome Grp. Investors I, LP,* 423 B.R. at 558 (citing *In re Reed*, 11 B.R. 755, 757 (Bankr. S.D. W. Va. 1981)). Instead, "the Court 'may' require the petitioning creditors to post a bond, and that such a requirement should only be imposed upon the Court's finding of 'cause.'" *Id.*

The statute does not specify or require a particular time frame for posting a bond. Rather, it imposes three prerequisites for the court's exercise of its discretion: (a) notice, (b) a hearing and (c) cause. Significantly, § 303(e) also plainly states that the purpose of a bond is to indemnify the debtor from an allowance of fees, costs and damages that the court may award under § 303(i). While the Petitioning Creditors recite a lengthy list of cases that they claim support their contention that a bond cannot be imposed after dismissal of an involuntary petition and prior to consideration of an award under § 303(i), the cases in fact simply establish that on the facts and posture of the case, the courts did not impose a bond. *See In re Mod-U-Lanes, Inc.,* 51 B.R. 660, 663 (Bankr. M.D. Fla. 1985) (dismissing involuntary petition without addressing whether the petitioning creditors should post a bond because the debtor asked to either (i) dismiss the case *or* (ii) post a bond under § 303(e)); *see also In re Green Hills Dev. Co., LLC,* 445 B.R. 647, 666-67 (Bankr. S.D. Miss. 2011) (dismissing involuntary petition without addressing the debtor's request for a bond). The Petitioning Creditors point to no case standing for the proposition that posting of a bond under § 303(e) cannot be required after dismissal of an involuntary petition.

What constitutes "[t]he showing [of cause] which the debtor must make [for posting a

5

bond under § 303(e)] is not clear from the statute." *In re Contemporary Mission, Inc.,* 1983 Bankr. LEXIS 6916, at *6. The legislative history recited above suggests a congressional intent that courts require a bond to insure that petitioning creditors do not employ an involuntary petition for an improper purpose. But, this cannot be the sole purpose of § 303(e) because the statutory language provides that the bond is to indemnify the debtor if the court makes an award under § 303(i). Plainly then, a fundamental purpose of § 303(e) is to insure that if an award is made under § 303(i) the debtor had a ready means of recovery for its losses.

Some courts have held that because there is presumption of good faith in favor of the petitioning creditors, "the putative debtor must establish a prima facie case of bad faith before petitioning creditors may be required to post a bond…" *In re Secured Equip. Trust of E. Air Lines*, 1992 WL 295943, at *6 (S.D.N.Y. Oct. 08, 1992); *see also In re Hutter Assocs., Inc.,* 138 B.R. 512, 516 (W.D. Va. 1992). Other courts have imposed a bond even without an indication of bad faith when additional evidentiary hearings were required prior to a determination of whether or not the involuntary petition should be dismissed. *See In re Cinnamon Lake Corp.,* 48 B.R. 70, 74 (Bankr. M.D. Fla. 1985). Significantly, in either case a hearing has been held to determine whether cause for a bond exists.

This court does not find any support in the legislative history, statutory language or case authority for the Petitioning Creditors' contention that the court is precluded, as a matter of law, from imposing a bond under § 303(e) once the involuntary petition has been dismissed. As Apollo, Inc. points out, the literal language of the statute provides that the court can require a bond, after notice, a hearing and upon showing of cause to indemnify the debtor for amounts that may later be allowed under § 303(i). Granted, none of the reported cases under § 303(e)

addressed the issuance of a bond post-dismissal. However, this only indicates that such cases came before the courts under different facts and procedural posture.

In the matter at hand Apollo, Inc. moved not only to dismiss the involuntary case but also to require the Petitioning Creditors to post a bond. The parties mutually agreed to proceed first with evidence on the issue of whether Apollo, Inc. was generally not paying its debts as they came due. Given that Apollo, Inc. is an operating company with many customers, employees and trade vendors, the courts believes that it was wise to determine whether the criteria for an involuntary petition were met. This approach had the benefit of limiting any injury to Apollo, Inc. occasioned by the involuntary petition and thereby limiting damages which can be claimed. Further, it may be a reason to limit the size of a bond, but it cannot be a basis to dispense with a hearing to establish whether a bond should be imposed.

Apollo, Inc. has not yet had an opportunity to demonstrate that cause exists to post a bond. While significant evidence has been provided on the issue of whether Apollo, Inc. was paying its obligations as they came due, there has been no evidentiary hearing regarding the basis for a bond. During the May 16, 2011 hearing Apollo, Inc. was ready to go forward to establish cause for purposes of posting a bond. Only the Petitioning Creditors' contention that this matter should be decided as a matter of law prevented the hearing.

**Conclusion**

A hearing is needed pursuant to 11 U.S.C. §303(e) in order to determine whether cause exists to require the Petitioning Creditors to post a bond to secure a possible recovery of fees, costs, and other damages under 11 U.S.C. §303(i).

Dated: May 23, 2011                                    /s/_____

                                                                        NOVALYN L. WINFIELD

                                                                        United States Bankruptcy Judge