**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF NEW JERSEY
M.L. KING JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
PO BOX 1352
NEWARK, NJ 07101-1352
(973) 645-2464

NOVALYN L. WINFIELD
BANKRUPTCY JUDGE

March 23, 2012

Michael Griffinger, Esq.
Gibbons, PC
One Gateway Center
Newark, NJ 07102

Steven Klepper, Esq.
Cole, Schotz, Meisel, Forman & Leonard
25 Main Street
Hackensack, NJ 07601

Israel Dahan, Esq.
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY 10281

          RE:   Apollo Health Street, Inc.
                Case No.:   11-22970

Gentlemen:

      This letter decision is provided in this somewhat informal format in order to expedite the Petitioning Creditors' decision making, regarding assertion of the advice of counsel defense. This opinion presumes the familiarity of the parties with the case generally, and this issue specifically. It provides the basis for the court's March 19, 2012 ruling that the attorney-client privilege is waived as to all attorney-client communications between the Petitioning Creditors and predecessor counsel for the pre-filing period and the post-filing period through May 9, 2012 (the eve of the dismissal hearing) if the Petitioning Creditors assert reliance on the advice of counsel to defend against Apollo's request for damages under Code Sec. 303(i).

      Counsel for the Petitioning Creditors argued that waiver of the attorney-client privilege should be limited to the Petitioning Creditors' communications with predecessor counsel that occurred prior to the filing of the involuntary petition (April 26, 2011). On the other hand, Apollo contends that, if the advice of counsel defense is employed, this court must direct that the attorney-client privilege is waived as to all communications by the Petitioning Creditors with predecessor counsel for the additional time period from the petition date through May 16, 2011

(dismissal of the involuntary petition). The court adopts a middle position, as it finds some merit in the position of both parties.

It is widely recognized that among the indicia for determining bad faith under Code Sec. 303(i) is whether the involuntary petition was ill-advised or improperly motivated. *See Matter of Elsub Corp.*, 66 B.R. 189, 196 (Bankr. D.N.J. 1986). Here, Apollo's focus is largely on improper motivation, but if advice of counsel is raised as a defense then the degree to which the Petitioning Creditors were counseled by the Porzio firm and followed its advice becomes an issue as well. Obviously, the time period preceding the filing of the involuntary petition is likely the most significant time period, but post-filing conduct may also be probative of whether the petition was filed in bad faith. After all, whether a petitioning creditor acted in bad faith is a question of fact and the totality of conduct by a petitioning creditor bears on that determination. For example, as noted by Apollo's counsel, in *In re Landmark Distributers, Inc.*, 189 B.R. 290 (Bankr. D.N.J. 1995) Judge Tuohey identified post-filing conduct by the petitioning creditors that constituted badges of bad faith. In addition, he also found probative of bad faith a post-filing failure to act. He noted that one of the petitioning creditors failed to request the appointment of an interim trustee under Code Sec. 303(g) despite the petitioning creditor's assertion that the involuntary petition was needed to prevent a dissipation of assets. *Id.* at 310.

In the matter at hand, we likewise have post-filing conduct that may be probative of the Petitioning Creditors' bad faith: (i) Mr. Colgan's letter to Ms. Reddy just days after the petition was filed, (ii) the settlement discussions that preceded the dismissal hearings, and (iii) the addition of Bloomfield Center Alliance as a petitioning creditor on May 9, 2011, the eve of the dismissal hearing. As Apollo's counsel points out "if in the period post-filing but pre-dismissal, Porzio advised PC Colgan about his post-filing email to Ms. Reddy, advised any of the PC's that the Involuntary Petition lacked merit, advised that it should be withdrawn, advised that their pre-filing diligence was deficient, or advised that Apollo could and would pursue a bad faith claim, such post-filing advice would be highly probative of their overall motivation and intent." (3/19/2012 Israel Dahan letter, p.5)

It is well accepted in the Third Circuit that the attorney-client privilege may be waived by the assertion of advice of counsel as a defense. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995); *Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). Notably, in *Glenmede* the Third Circuit affirmed the District Court's ruling that Glenmede's reliance on advice of counsel with regard to the buy-back transaction at issue not only meant that production of the attorney's Opinion Letter and a draft were required, but also meant that the attorney-client privilege was waived as to the entire buy-back transaction. *Glenmede*, 56 F.3d at 486. The Court explained:

> There is an inherent risk in permitting the party asserting a defense of its reliance on advice of counsel to define the parameters of the waiver of the attorney-client privilege as to that advice. That party should not be permitted to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver of the attorney-client privilege and therefore the scope of discovery. To do so would undermine the very purpose behind the exception to the attorney-client privilege at issue here – fairness.

> The party opposing the defense of reliance on advice of counsel must be able to test what information had been conveyed by the client to counsel and vice-versa regarding that advice – whether counsel was provided with all material facts in rendering their advice, whether counsel gave a well-informed opinion and whether that advice was heeded by the client. *See In re ML–Lee Acquisition Fund II, L.P.*, 859 F.Supp. 765, 767 [(D. Del. 1994)].

*Id.*

Likewise, in the instant case the advice of counsel defense cannot permit the Petitioning Creditors to define what they will produce. The defense cannot be both sword and shield. Nonetheless, at this point the court is reluctant to rule that, if asserted, the advice of attorney defense waives the attorney-client privilege through the date of dismissal. It appears to the court that once embroiled in the actual litigation of the merits of the involuntary petition communications between counsel and the Petitioning Creditors necessarily focused on trial strategy in opposing Apollo's motion to dismiss, and at this time the court is not persuaded that that waiver of the attorney-client privilege should apply to those communications. This determination is without prejudice to Apollo's right to renew its request.

Very truly yours,

*/s/ Novalyn L. Winfield*

NOVALYN L. WINFIELD
United States Bankruptcy Judge

NLW/amd